WILLIAM A. WALRATH, Appellant, *v.* AMOS KLOCK, Respondent. (No. 1 and No. 2.)

*County Court — power of, to amend a notice of appeal — the insertion of a sum in an undertaking given on an appeal is improper.*

The County Court has power to amend a notice of appeal from a judgment of a justice of the peace by correcting the date at which the judgment is therein stated to have been rendered.

It has no power to amend an undertaking upon such an appeal by inserting therein a definite sum for which the surety shall be liable.

APPEAL by the plaintiff, William A. Walrath, from an order of the County Court of Montgomery county, entered in the office of the clerk of the county of Montgomery on the 19th day of September, 1896, denying his motion to dismiss an appeal taken to that court from a judgment rendered by a justice of the peace, and also from an order entered in said clerk's office on the 19th day of September, 1896, allowing the defendant to amend the notices of appeal and undertaking given to perfect the same.

The order appealed from amended the notice of appeal and undertaking as to the date upon which they stated that the judgment was

rendered, and also amended the undertaking which originally speci-
fied no definite amount for which the surety was liable, by inserting
the sum of $417, that is twice the amount of the judgment.

*H. M. Eldredge,* for the appellant.

*Edward R. Hall,* for the respondent.

PER CURIAM:

We are of the opinion that the notices of appeal served in this
action could properly be amended in the manner directed by the
County Court. But the amendment which inserts in the undertaking
the sum of $417 as the amount for which the surety may be held
liable is evidently unauthorized. Such an order can have no force
as against the surety, and the undertaking, when so amended, is not
the contract of the surety. Therefore, no such undertaking as the
statute requires to make the appeal effectual has as yet been filed.
(See § 3069 and § 3050 of the Code.) But, under the provisions of
section 3049, the County Court had authority to allow the defendant
to give a new and sufficient undertaking, and when the notices of
appeal were so amended, and such new undertaking should be
given, the appeal would be complete. The evident purpose of the
County Court was to allow such amendments as would perfect the
appeal, and it was a case wherein it had the power to do so, had it
adopted the correct method as to supplying the defect caused by the
insufficient undertaking.

We conclude, therefore, to modify the orders appealed from as
follows:

The order as to the amendment is affirmed so far as it provides
for the amendment of the notices of appeal, and modified as to the
provision for amending the undertaking by striking out the same,
and providing in lieu thereof that the defendant be allowed to give
a new undertaking in the manner and form required by law, within
twenty days after service of a copy of this order, and upon payment
of ten dollars costs of motion in the court below, and ten dollars
and disbursements, as costs of this appeal.

No. 1. As to the order denying the motion to dismiss the appeal,
the same is reversed and the motion in the court below granted,
unless, within the time herein provided, the undertaking allowed

by the order made by this court in the appeal from the order allow-ing the amendment be given by the defendant. In the event that such an undertaking is so given, then the order appealed from is affirmed. No costs are allowed to either party upon this appeal.

All concurred.

So ordered.